# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

UNITED STATES OF AMERICA    )
    )
v.    )    Case No.: 1:07-CR-5
    )
DAVID J. FLEMING    )

## MEMORANDUM OF OPINION AND ORDER
## REGARDING SENTENCING ISSUE

This matter is before the court for resolution of an objection the Defendant, David J. Fleming ("Fleming"), has raised to the Presentence Investigation Report prepared by the U.S. Probation Department. Fleming filed a Sentencing Memorandum on November 30, 2007. Docket at 41. The United States of America ("the Government") filed a response brief on December 6, 2007. Docket at 42. For the reasons discussed below, Fleming's objection is SUSTAINED.

## DISCUSSION

Fleming was charged by way of a two-count Indictment with violations of 18 U.S.C. § 2252(a)(2), receipt of material involving the sexual exploitation of a minor, and 18 U.S.C. § 2252(a)(4)(b), possession of material involving the sexual exploitation of children. Indictment, Docket at 1. On March 23, 2007, Fleming filed a motion to suppress evidence. Docket at 20. That motion to suppress raised issues relating to the search of Fleming's home and the seizure of evidence as a result of that search. More specifically, Fleming argued that his consent to that search, which was conducted without a warrant, was not given voluntarily. He maintained that the law enforcement officers who came to his home represented that they had a search warrant when, in fact, they did not.

The court held an evidentiary hearing on the motion to suppress on April 30, 2007.  See

Docket at 22.  Fleming testified on his own behalf at that hearing, and several of the law

enforcement officers who were involved in the search of Fleming's home testified on behalf of

the Government.  Following the presentation of the evidence, the court ruled from the bench,

finding in favor of the Government on the issue raised in Fleming's motion.  *Id*.

On June 1, 2007, a Plea Agreement between Fleming and the Government was entered

into and filed with the court.  Docket at 23.  Pursuant to that Plea Agreement, Fleming pleaded

guilty to count one of the Indictment.  *Id*.  He is scheduled to be sentenced on that count on

January 3, 2008.

As stated at the outset, Fleming filed a Sentencing Memorandum on November 30.  In his

brief, Fleming elaborates on an objection he raised to his Presentence Investigation Report.

Specifically, Fleming takes exception to the assessment by the U.S. Probation Department of a

two-level enhancement to his offense level for obstruction of justice, pursuant to United States

Sentencing Guideline (U.S.S.G.) § 3C1.1.  Defendant's Sentencing Memorandum, Docket at 41,

p. 4.  This enhancement was assessed because the Government contends that Fleming gave

intentionally false testimony to the court during the hearing on his motion to suppress.   It is the

Government's position (both the U.S. Attorney's Office and the Probation Office) that this

enhancement was assessed properly under the circumstances.  Government's Response, Docket

at 42, p. 5.

At the suppression hearing, Fleming testified that one of the law enforcement officers

represented that they had a search warrant.  Fleming's testimony on this issue was as follows:

> Q. . . . And while you were out there on that step area, was there any mention
> made of any authorization, by a warrant or otherwise, that anyone had to enter

2

into your residence or search your residence?

A.  They had initially had.  Sorry, I'm tired.  Repeat the question.

Q. . . . [D]id anybody indicate to you as if they had any authority, by a warrant or otherwise, to enter into your residence?

A.  They had initially indicated they had a warrant upon their showing of identification, yes.

Q.  Who did?

A.  Agent Rothrock.

Q.  Right at the get-go when he showed you his identification as an agent?

A. Yes.

Q.  What did he say as best as you can recall?

A.  That they were investigating child pornography downloads, illegal internet activity, that they had a warrant to search the residence.

Transcript of Suppression Hearing, Docket at 37, pp. 84-85.

The Government presented the testimony of three law enforcement officers, including J. Thomas Rothrock, Alex Rodriguez, and Mark Summers.  All three officers testified that Fleming was cooperative on the day they showed up at his residence, that he voluntarily permitted them to enter his residence and search it, and that he signed a Statement of Rights form and a Consent to Search form prior to permitting a search of his residence.  *Id*., pp. 46-52.  The three officers were consistent in their testimony that none of them ever told Fleming that they had a search warrant.  *Id*., generally.

The court ruled in favor of the Government on the issue raised in Fleming's motion to suppress.  The court explained its ruling as follows:

. . . My finding is that the credibility issue is resolved in favor of the Government.

3

Clearly the Government put on a lot of consistent testimony from three witnesses. They were all separated.  The all testified pretty much in accordance with each other.  There were some minor variations in the time lapses that were testified to.

On the other hand, Defendant had a hard time understanding, in the first instance, the question about the warrant.  I thought that testimony was rather vague considering how significant it was.
. . .

I also base [my conclusion], in large part, on the demeanor of the witnesses as I observed them here in the courtroom.

So, I'm finding that the Government's factual scenario is the correct one as far as I'm concerned; and therefore, clearly the motion to suppress, based on an apparent argument that there was some coercion or intimidation that led [Fleming] to consent to the search, must fail.

*Id.*, pp. 101-102.

The Government argues that "Fleming's perjurious statements, which contradicted the testimony of the three . . . agents, were designed to influence the outcome of the issue under determination at the suppression hearing, namely, whether his consent was given voluntar[ily]." Government's Response, p. 5.

Fleming, however, argues that his testimony revealed nothing more than his confusion at the time of the search and his belief that the agents had a search warrant.  Defendant's Brief, pp. 3-4.  Fleming maintains that "[i]t was not [his] intention to willfully mislead the Court."  *Id.*, p. 4.  Fleming also points out that "[i]n most other respects, [his] testimony" and that of the law enforcement agents "was in agreement."  *Id.*  Fleming notes that he "acknowledged that he had not seen a warrant and admitted that he never asked to see a warrant."  *Id.* In addition, Fleming admitted that he signed a Rights form as well as a Consent to Search form.  Transcript, pp. 88-90.

4

The Seventh Circuit summarized the law regarding the imposition of a two-level enhancement under U.S.S.G. § 3C1.1 in a recent case:

> A court may impose a two-level enhancement under U.S.S.G. § 3C1.1 if "'the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction.' Perjury is the sort of conduct that may warrant an obstruction of justice enhancement. *See United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *see also* U.S.S.G. § 3C1.1, cmt. n. 4. Perjury, for enhancement purposes, is defined as giving under oath false testimony concerning a material matter with the willful intent to provide such testimony, rather than as a result of confusion, mistake, or faulty memory. *Dunnigan,* 507 U.S. at 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (relying on the definition in the federal criminal perjury statute, 18 U.S.C. § 1621). In order to impose the obstruction enhancement, the district court must make independent findings necessary to establish all of three factual predicates for a finding of perjury (false testimony, materiality, and willful intent). *Id.* at 95. . . ."

*U.S. v. Savage*, 505 F.3d 754, 762-63 (7th Cir. 2007).

In this case, the court found that the testimony of the Government witnesses at the suppression hearing was more worthy of credence than Fleming's testimony.  Despite the court's ruling, it does not automatically follow that Fleming intentionally and knowingly gave false testimony.  The court's ruling at the suppression hearing was that the resolution of a credibility issue between the Defendant and the Government supported the Government's position.  The court did not find that Fleming obstructed justice by knowingly presenting false testimony. While the issue concerning the existence or nonexistence of a search warrant was clearly material, it is possible that Fleming was confused and/or mistaken at the time of the search of his residence.  Whether his testimony was knowingly false, or whether he was simply confused, frightened, and/or mistaken at the time the officers appeared at his residence, is not an issue on which the court made a finding during the suppression hearing.  Based on the court's recollection of the testimony and Fleming's demeanor, as well as the court's review of the transcript from

that hearing, the court finds that the elements of perjury were not established by a preponderance of the evidence.  Put another way, the evidence and testimony presented at the suppression hearing was insufficient to establish that Fleming's recitation of the events on the day of the search was knowingly false or intentionally calculated to mislead the court.  Therefore, the court concludes that a two-level enhancement pursuant to U.S.S.G. § 3C1.1 is not warranted in this case.

## CONCLUSION

For the reasons discussed above, the Defendant's objection to the Presentence Investigation Report is SUSTAINED.  The U.S. Probation Office is hereby directed to revise and amend the Presentence Investigation Report in a manner consistent with this Order.

Dated: December 19, 2007.

/s/   William C. Lee
William C. Lee, Judge
United States District Court

6